```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
FRANKLIN GRULLON,               :
                                :
            Petitioner,         :
                                :      No. 12 Civ. 4086 (JFK)
      -against-                 :      No. 94 Cr. 466 (JFK)
                                :
UNITED STATES OF AMERICA,       :
                                :         OPINION & ORDER
            Respondent.         :
-------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb. 26, 2013

**JOHN F. KEENAN, United States District Judge:**

    Petitioner Franklin Grullon ("Petitioner" or "Grullon") moves for relief from the Court's order dated January 17, 2001, which denied his motion to vacate his conviction. Grullon's instant request is styled as a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. Because Grullon has already served the entirety of his sentence and has been deported to the Dominican Republic, however, this Court construes his motion as a petition for a writ of error coram nobis. For the reasons that follow, Petitioner's motion is denied.

## I.  Background

    The facts of this case are briefly summarized here, but can be found in full detail in this Court's August 24, 2004 order denying Grullon's prior Rule 60 motion. See Grullon v. United States, No. 99 Civ. 1877, 2004 WL 1900340, at *1-3 (S.D.N.Y. Aug. 24, 2004). On August 30, 1995, Grullon pleaded guilty to one count of conspiracy to commit robbery involving assault with

1

a dangerous weapon in violation of 18 U.S.C. § 1959(a)(6), and one count of using a telephone in connection with the distribution of cocaine, in violation of 21 U.S.C. § 843(b).

On December 8, 1995, Grullon filed a pro se motion to withdraw his guilty plea and replace his attorney.  The Court appointed new counsel, who moved to withdraw the guilty plea on April 11, 1996.  The Court denied the motion. See United States v. Grullon, No. 94 Cr. 466, 1996 WL 437956 (S.D.N.Y. Aug. 5, 1996).  On September 6, 1996, the Court granted Grullon's application to discharge the new counsel and appointed yet another attorney.  Grullon then moved again to withdraw his guilty plea.  The Court again denied the motion. See Grullon, 1996 WL 721084 (S.D.N.Y. Dec. 13, 1996).

On December 19, 1996, the Court sentenced Grullon to a term of seven years' imprisonment.  This term was consistent with the provisions of his written plea agreement, which had been negotiated by his second attorney, Bobbie C. Sternheim, Esq., down from the sentencing exposure he originally faced of over one hundred years.  The Second Circuit affirmed the conviction. See United States v. Torres, 129 F.3d 710 (2d Cir. 1997).

On November 24, 1998, Grullon petitioned to vacate his conviction pursuant to 28 U.S.C. § 2255.  He also moved for this Court to recuse itself from considering his petition.  The Court

denied the Section 2255 petition and the recusal motion. See Grullon v. United States, Nos. 94 Cr. 466, 99 Civ. 1877, 2001 WL 43603 (S.D.N.Y. Jan. 17, 2001). The Court subsequently denied Grullon's request for a certificate of appealability pursuant to 28 U.S.C. § 2253. See Grullon, 2001 WL 417080 (S.D.N.Y. April 23, 2001). The Second Circuit also denied Grullon's motion for a certificate of appealability, as well as his motion to proceed in forma pauperis. See Grullon, No. 99 Civ. 1877 (ECF entry of Apr. 12, 2002).

In October 2003, Grullon filed a motion pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, seeking to vacate his convictions and dismiss the indictment against him. The Court denied the motion. See Grullon, 2004 WL 1900340 (S.D.N.Y. Aug. 24, 2004). Grullon then moved for reconsideration of the Court's January 17, 2001 order, as well as its August 24, 2004 order. The Court denied Grullon's motion on June 28, 2005. See Grullon, 2005 WL 1560479 (S.D.N.Y. June 28, 2005). The Court declined to issue a certificate of appealability, as did the Second Circuit. See Grullon, No. 99 Civ. 1877 (ECF Nos. 19, 20).

Grullon filed the instant motion, which the Court construed as a petition for a writ of error coram nobis, on April 25, 2012. He asserts that the Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473 (2010), mandates reconsideration of the Court's January 21, 2001 order. In

3

response, the Government argues that (1) Grullon's counsel was not ineffective under the prevailing professional norms in 1995; (2) Grullon cannot demonstrate any prejudice even if his counsel was ineffective, because of the "extremely favorable" plea he received; and (3) Padilla cannot be retroactively applied to Grullon's case.

## II.  Discussion

A petition for a writ of error coram nobis is a collateral attack on a conviction. See Wall v. Kholi, 131 S. Ct. 1278, 1284-85, 1288-89 (2011).  Unlike a petition for the issuance of a writ of habeas corpus under 28 U.S.C. § 2254 or a motion attacking a sentence pursuant to 28 U.S.C. § 2255, a coram nobis petition is available even though the petitioner is no longer in custody for the conviction that he seeks to challenge. See United States v. Morgan, 346 U.S. 502, 512-13 (1954) (finding coram nobis relief available "[a]lthough the term has been served").

A petitioner seeking issuance of a writ of coram nobis to vacate a judgment of conviction must show that: "1) there are circumstances compelling such action to achieve justice; 2) sound reasons exist for failure to seek appropriate earlier relief; and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Fleming v. United States, 146 F.3d 88, 90

(2d Cir. 1998) (citing Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996)).

Because Petitioner is proceeding pro se, his submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and will be read "to raise the strongest arguments that they suggest," Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

After reviewing the record, the Court concludes that there is no basis to grant Grullon the relief he seeks.  The assertions made in his motion papers have been repeatedly considered and rejected in prior opinions of this Court and of the Second Circuit. See, e.g., Torres, 129 F.3d at 715 (determining that "Grullon's plea was completely voluntary and knowing" and that "his unequivocal admissions under oath contradict his unsupported assertions of pressure"); Grullon, 2004 WL 1900340, at *6-7 (finding Grullon's ineffective assistance claim both legally and factually baseless); Grullon, 1996 WL 437956, at *5-7 (finding no basis for Grullon's charge that he was coerced into pleading guilty).

Grullon offers only one new legal basis to revisit the prior rulings — the Supreme Court's decision in Padilla.  That case held that criminal defense counsel "must inform her client

whether his plea carries a risk of deportation." Padilla, 130 S. Ct. at 1486.  As the Supreme Court has since stated unequivocally, however, Padilla announced a new rule of constitutional law and does not apply retroactively to cases that were already final when it was decided. See Chaidez v. United States, 568 U.S. ___, 2013 WL 610201 (Feb. 20, 2013). "[D]efendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at *10 (slip op. at 15).  Grullon pled guilty on August 30, 1995; was sentenced on December 19, 1996; and the Second Circuit affirmed his conviction on November 17, 1997.[1]  His conviction was therefore final well before Padilla was decided, and that case cannot be used to breathe new life into Grullon's old ineffective assistance claims.

### III. Conclusion

Petitioner has demonstrated no meritorious reason to revisit his conviction or the Court's previous orders.  There are thus no circumstances compelling the issuance of a writ of coram nobis.  Petitioner's motion is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good

---

[1] Additionally, the Supreme Court reporter lists two denied petitions for writs of certiorari. See Grullon v. United States, 549 U.S. 1008 (2006); Grullon v. United States, 537 U.S. 985 (2002).  Although it is not clear which orders these petitions relate to, they both predate Padilla by several years.

6

faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment accordingly and close the case.

**SO ORDERED.**

Dated:   New York, New York
         February 26, 2013

                                        _____
                                        John F. Keenan
                                        United States District Judge